**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE LUCIANO BARNICA CARRANZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DELANEY HALL DETENTION FACILITY, et al.,<br><br>Respondents. | Civil Action No. 26-14041 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jose Luciano Barnica Carranza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter response. (ECF No. 4.) Having considered the parties' submissions in support of and opposition to the letter seeking immediate release, the Court decides the issue without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Honduras, unlawfully entered the United States on or about December 5, 2014. (ECF No. 4 at 1.) On March 22, 2021, an Immigration Judge ("IJ") ordered Petitioner removed. (*Id.*; ECF No. 4-1 at 5–13.) On October 22, 2026, Immigration Customs and Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.*) On October 27, 2026, Petitioner filed the Petition challenging his ongoing detention. (ECF No. 1.) Respondents filed a response. (ECF No. 4.)

## II. Legal standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. Decision

In the Petition, Petitioner argues his detention violates his due process rights. (ECF No. 1.) Respondents argue that Petitioner is lawfully detained under a final order of removal pursuant to 8 U.S.C. 1231(a). (ECF No. 4.)

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.
>
> (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, an IJ ordered Petitioner removed on March 22, 2021. Petitioner's 90-day mandatory "removal period" concluded in June 2021, 90 days after an IJ ordered him removed on March 22, 2021. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his October 22, 2026 detention—falls far short of six months, rendering his claim premature.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

**Date:** November 17, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**